**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| KEMA MANAGEMENT (USA), INC., | Case No. |
| Plaintiff, | |
| v. | |
| HP DEBT EXCHANGE, LLC; HP LOCATE, LLC; AND CHRISTOPHER GANTER; | |
| Defendants. | **JURY TRIAL REQUESTED** |

## COMPLAINT

COMES NOW Plaintiff Kema Management (USA), Inc. through its counsel, and, for its Complaint against HP Debt Exchange, LLC, HP Locate, LLC, and Christopher Ganter, alleges and states as follows:

**I.
THE PARTIES**

1.     Plaintiff Kema Management (USA), Inc. ("Kema"), is a corporation organized under the laws of Arizona, with its principal place of business at 7537 E. McDonald Drive, Scottsdale, Arizona 85250.

2.     Defendant HP Debt Exchange, LLC is a Texas limited liability company.  HP Debt Exchange, LLC may be served with process through its registered agent, Lloyd Ward, P.C., 12655 N. Central Expressway, Suite 1000, Dallas, Texas 75243.

3. Defendant HP Locate, LLC is a Texas limited liability company. HP Locate, LLC may be served with process through its registered agent, Melissa A. Bais, 2200 K Avenue, Suite 200, Plano, Texas 75074.

4. Defendant Christopher Ganter ("Ganter") is an individual residing in the Northern District of Texas. He may be served with process at 2200 K Avenue, Suite 200, Dallas, Texas 75074.

## II.
## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332, as the parties are completely diverse and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants have committed acts within this District giving rise to this action. Venue is further proper because the acts giving rise to this action occurred in conjunction with a contract which mandates venue in this District.

## III.
## FACTUAL BACKGROUND

7. Kema is a single purpose entity organized to hold certain securities on behalf of its investors.

8. Defendant Ganter is the Chief Executive Officer of HP Debt Exchange. Upon information and belief, HP Debt Exchange is involved in the business of purchasing loan portfolios at a discount and liquidating them for profit.

9. In the fall of 2011, Kema and Defendants HP Debt Exchange and Ganter entered into a series of contractual arrangements and promissory notes. Under these agreements, Kema

would provide significant capital to Defendants in exchange for a defined interest rate paid upon a defined maturity date. The capital was to be used solely to purchase a series of certificates of deposit at First State Bank of Shallowater ("First State Bank"). The certificates of deposit were ultimately intended to improve the balance sheet of Defendant HP Locate to facilitate the purchase by HP Locate of portfolios of unsecured second lien mortgages.

10. Kema and Defendants executed note documents on October 15, 2011, and again on November 17, 2011. Defendants are now in default.

### October 15, 2011 Promissory Note and Guarantee

11. The first note was executed on October 15, 2011 between HP Debt Exchange and Kema. Under the terms of the October 15 note, Kema loaned One Million Dollars ($1,000,000) to HP Debt Exchange. Under the conditions of the note, the loan proceeds could only be invested in a certificate of deposit at First State Bank of Shallowater. Further, by express agreement, the certificate of deposit could not be "disposed of, transferred, assigned, or hypothecated" without the "express written consent and actual signature of or on behalf of [Kema.]"

12. Under the terms of the October 15 note, the loan monies were to be repaid, with interest, when the note matured, on May 1, 2012.[1]

13. This promissory note was validly executed by HP Debt Exchange's Chief Executive Officer, Chris Ganter, and by Kema.

14. Contemporaneously with the execution of the October 15 note, Ganter also signed a personal guarantee. Under the personal guarantee, Ganter was "absolutely and unconditionally" obligated to pay all sums and perform all obligations due and owing to Kema

---

[1] By amendment, the parties modified the maturity date to June 1, 2012, in consideration for an extension fee.

that were otherwise unpaid or unfulfilled by HP Debt Exchange upon the maturity of the promissory note.

15. Kema performed all conditions precedent to the October 15 note, advancing HP Debt Exchange One Million Dollars ($1,000,000) as agreed.

16. As required by the promissory note, on or about October 18, 2011 the proceeds of the loan monies were used by Defendant HP Locate to purchase a certificate of deposit at First State Bank, Certificate No. 13072. The payee of the certificate of deposit was Defendant HP Locate. Upon information and belief, Ganter has a direct or beneficial ownership interest in First State Bank.

17. Under terms of the certificate of deposit, the funds could be withdrawn only through the express written consent of both Ganter and Kema.

18. Upon maturity of the October 15 note and in accordance with written instructions jointly signed by Kema and Defendant HP Debt Exchange and delivered to First State Bank, First State Bank was to remit the proceeds of the certificate of deposit to the account of Kema.

### November 17, 2011 Note And Personal Guarantee

19. On November 17, 2011, the parties executed a second arrangement with similar terms. Under the November 17 note, Kema provided HP Debt Exchange with Four Hundred Thousand Dollars ($400,000) in exchange for a defined interest rate upon maturity. Again, the loan funds could be used only to purchase a certificate of deposit at First State Bank and could not be hypothecated, transferred, or otherwise encumbered.

20. Ganter also executed a personal guarantee for the November 17 note with terms identical to the October 15 note.

21.     Under the terms of the November 17 note, Kema advanced HP Debt Exchange Four Hundred Thousand Dollars ($400,000).

22.     These funds were used by Defendant HP Locate to purchase a certificate of deposit with First State Bank, Certificate No. 13085. The certificate of deposit was in the name of Defendant HP Locate.

23.     As with the October 15 note, the parties executed and transferred a written approval to withdraw the funds from the certificate of deposit from First State Bank to Kema.

### Defendants' Default

24.     Kema has performed all conditions precedent to the note and loan guarantees, and both the October 15 and November 17 notes have matured.

25.     Nevertheless, HP Debt Exchange has refused to perform under the notes and has failed to pay amounts due and owing under the terms of both the October 15 and November 17 notes.

26.     In the fall of 2011, during the negotiations of the October 15 and November 17 notes, Defendant Ganter falsely promised, on behalf of Ganter and HP Debt Exchange, to Kema that Defendants Ganter and HP Debt Exchange intended to repay the note through, among other things, the liquidation of the certificates of deposit. Those representations were false when made and Defendants Ganter and HP Debt Exchange knew that they were false. The representations were intended to induce Kema to agree to promissory notes and to provide loan funds in excess of One Million Dollars ($1,000,000).

27.     Further, despite the personal guarantees, which were guarantees of "payment and performance," Ganter has refused to either pay or perform under the terms of both the October 15 and November 17 notes. Moreover, First State Bank has indicated that the certificates of

deposit have since been encumbered by other assets and has refused to honor Kema's rights in those certificates.

28. These notes are in default.

## IV.
## CLAIMS FOR RELIEF

### Cause of Action I – Suit on Promissory Note
*(Defendants HP Debt Exchange, LLC and Ganter)*

29. The preceding paragraphs are incorporated herein by reference.

30. Kema is the holder of two valid promissory notes, executed on or about October 15, 2011 and November 17, 2011.

31. Defendants HP Debt Exchange and Ganter executed note documents promising performance thereunder.

32. Kema was and remains the legal owner and holder of the two promissory notes.

33. These notes have matured and are currently due and payable.

34. There is a balance due and owing on these two notes.

35. Kema holds lawful title to the note balances.

### Cause of Action II – Breach of Contract (Promissory Note)
*(Defendant HP Debt Exchange, LLC)*

36. The preceding paragraphs are incorporated herein by reference.

37. Kema and Defendant HP Debt Exchange entered into a valid contractual relationship for which consideration was given and exchanged.

38. All conditions precedent have been satisfied for performance of the contract.

39. HP Debt Exchange has failed to perform under the terms of the contract by, among other things, refusing to turn over the loan balance and interest as agreed.

40. As a direct and proximate cause of HP Debt Exchange's breach, Kema has been damaged in an amount to be proven at trial.

### Cause of Action III – Breach of Contract (Guarantee)
*(Defendant Ganter)*

41. The preceding paragraphs are incorporated herein by reference.

42. Kema and Defendant Ganter entered into a valid contractual relationship for which consideration was given and exchanged.

43. All conditions precedent have been satisfied for performance of the contract.

44. Ganter has failed to perform under the terms of the contract by, among other things, refusing to pay the loan balance and interest as agreed.

45. As a direct and proximate cause of Ganter's breach, Kema has been damaged in an amount to be proven at trial.

### Cause of Action IV – Negligent Misrepresentation
*(Defendants HP Debt Exchange, LLC and Ganter)*

46. The preceding paragraphs are incorporated herein by reference.

47. During the course of negotiations of the October 15 and November 17 notes, Defendants HP Debt Exchange and Ganter supplied false information to Kema. Among other false information, Defendants HP Debt Exchange and Ganter conveyed to Kema that they intended to comply with the terms of the notes and that the certificates of deposit would not be further encumbered.

48. Because Defendants knew that that information was false or unlikely to be true, Defendants did not exercise reasonable care or competence in obtaining or communicating the information to Kema.

49. Kema has suffered financial loss after justifiably relying on the false information in an amount to be proven at trial.

### Cause of Action V – Civil Conspiracy
*(All Defendants)*

50. The preceding paragraphs are incorporated herein by reference.

51. Defendants had a meeting of the minds and unlawfully conspired to deprive Kema of its interest in the certificates of deposit and wrongfully usurp the proceeds of the certificates of deposit for their own benefit and to the exclusion and detriment of Kema.

52. The Defendants engaged in a series of overt acts, as detailed above, in furtherance of their conspiracy, including but not limited to refusing to provide the certificate of deposit to Kema and by unlawfully encumbering those assets.

53. As a direct and proximate result of Defendants' actions, Kema has suffered damages in an amount to be proven at trial.

### Cause of Action VI – Fraud
*(Defendants HP Debt Exchange, LLC and Ganter)*

54. The preceding paragraphs are incorporated herein by reference.

55. In the fall of 2011, during the negotiations of the October 15 and November 17 notes, Defendant Ganter falsely promised, on behalf of Ganter and HP Debt Exchange, to Kema that Defendants Ganter and HP Debt Exchange intended to repay the note through, among other things, the liquidation of the certificates of deposit. Those representations were false when made and Defendants Ganter and HP Debt Exchange knew that they were false. The representations were intended to induce Kema to agree to promissory notes and to provide loan funds in excess of One Million Dollars ($1,000,000).

56. Instead, Defendants immediately acted to deprive Kema of the proceeds of the note by attempting to encumber the certificates of deposit and by refusing to cooperate in connection with the liquidation of said certificates.

57. Kema reasonably relied on Defendants' representation, and the falsity of the representation has caused Kema damages in an amount to be determined at trial.

### Cause of Action VII – Conversion
*(Defendant H.P. Locate)*

58. The preceding paragraphs are incorporated herein by reference.

59. Defendant HP Locate had knowledge of Kema's security interest in the certificates of deposit. HP Locate also had knowledge of the intent to withdraw the funds of the certificates of deposit to Kema upon maturity.

60. HP Locate has exercised wrongful dominion over the certificates of deposit that are inconsistent with Kema's rights in the certificates of deposit.

61. As a direct and proximate cause of HP Locate's unlawful actions, Kema has been harmed in an amount to be proven at trial.

### Cause of Action VIII – Constructive Trust
*(Defendant HP Debt Locate)*

62. The preceding paragraphs are incorporated herein by reference.

63. Defendant HP Debt Locate has continued to exercise dominion over two certificates of deposit held at First State Bank –Certificate No. 13072, issued on or about October 18, 2011 in the amount of One Million Dollars ($1,000,000), and Certificate No. 13085, issued on or about November 30, 2011 in the amount of Four Hundred Thousand Dollars ($400,000).

64. If Defendant HP Locate is permitted to keep the certificates of deposit, they would be unjustly enriched through the fraud of Kema.

## Cause of Action IX – Declaratory Judgment

65. The preceding paragraphs are incorporated herein by reference.

66. A justiciable controversy exists.

67. Plaintiff Kema has a security interest in Certificate of Deposit Nos. 13085 and 13072, held at First State Bank of Shallowater.

68. Plaintiff Kema's security interests were made free and clear of any other interests.

69. HP Locate has upon information and belief attempted to encumber these certificates of deposit. Non-party First State Bank of Shallowater has refused to honor Kema's security interests in the certificates of deposit and priority against other debtors.

70. First State Bank and HP Debt Locate had knowledge of Kema's security interest in the certificates of deposit. Any attempt to encumber those interests, if lawful, were second in priority to Kema's security interest in the certificates.

71. Kema seeks a declaratory judgment that Kema's security interests in the certificates of deposit are primary.

## JURY DEMAND

65. Kema demands a trial by jury on all issues triable by jury.

## ATTORNEYS FEES

66. Kema has been required to retain the undersigned counsel and has agreed to pay them a reasonable fee for their services in prosecution the claims in this action. Kema is entitled to recover its reasonable attorneys' fees incurred with this action.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Kema prays for judgment that the Court:

    a.    cite the Defendants to appear and answer;

    b.    award Plaintiff all equitable and legal relief to which it is entitled, including a constructive trust on Certificates of Deposit Nos. 13072 and 13085, and all damages to which Kema is entitled;

    c.    declare that Kema's interest in the certificates of deposit are valid, enforceable, and superior to any claim of First State Bank;

    d.    render judgment against Defendants for pre-judgment and post-judgment interest, reasonably attorneys' fees and expenses, costs of suit, and all other relief that the Court deems appropriate.

Dates this 2nd day of August, 2012.

Respectfully submitted,

Kema MANAGEMENT (USA), INC.,

Plaintiff.

By    __s/ Michael Hilgers_____

Michael T. Hilgers
Christopher K. Gober
GOBER HILGERS PLLC
2101 Cedar Springs Rd. Suite 1050
Dallas, TX 75201
Telephone:  (402) 218-2106
Facsimile:   (877) 437-5755
mhilgers@goberhilgers.com
cgober@goberhilgers.com

**ATTORNEYS FOR PLAINTIFF**